**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-5191**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

JAMES THOMAS DILLARD,

Defendant – Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:08-cr-00394-WO-1)

Submitted:  June 29, 2010          Decided:  July 20, 2010

Before KING and DAVIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Amy Lee Copeland, AMY LEE COPELAND, LLC, Savannah, Georgia, for Appellant.  Anna Mills Wagoner, United States Attorney, Graham T. Green, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Thomas Dillard pled guilty, pursuant to a written plea agreement, to one count of possession, with the intent to defraud, of fifteen or more unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(3) (2006). The district court calculated Dillard's advisory Guidelines range under the U.S. Sentencing Guidelines Manual (2008) at 15 to 21 months' imprisonment and imposed a variance sentence of 27 months' imprisonment. Dillard timely appeals his sentence, challenging the substantive reasonableness of the 27-month prison term.[*] We affirm.

We review the district court's sentence, "whether inside, just outside, or significantly outside the Guidelines range," under a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of a sentence. Id. at 51. Dillard challenges the 27-month prison sentence as substantively unreasonable, but concedes its procedural reasonableness.

---

[*] Although Dillard has completed serving his term of imprisonment, this appeal is not moot, because Dillard is still subject to a three-year term of supervised release. If Dillard were to prevail on the merits of this appeal, the district court could grant him relief by shortening or modifying the terms of his supervised release.

2

In determining whether a sentence is substantively reasonable, we "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." Gall, 552 U.S. at 51. Although we presume on appeal that a sentence within a properly-calculated Guidelines range is reasonable, see United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007), we may not presume that a sentence outside the Guidelines range is unreasonable, see United States v. Abu Ali, 528 F.3d 210, 261 (4th Cir. 2008).

In reviewing a sentence outside the Guidelines range, we may "consider the extent of the deviation, but must give due deference to the district court's decision that the [18 U.S.C.] § 3553(a) [(2006)] factors, on a whole, justify the extent of the variance." Gall, 552 U.S. at 51. "[A] major departure should be supported by a more significant justification than a minor one[,] [b]ut a district court need not justify a sentence outside the Guidelines range with a finding of extraordinary circumstances." United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008) (internal quotation marks and citation omitted). Even if we would have imposed a different sentence, this fact alone will not justify vacatur of the district court's sentence. Gall, 552 U.S. at 51.

Dillard's 27-month variant sentence is reasonable. The district court heard counsel's argument on the appropriate

3

sentence, heard Dillard's lengthy allocution, and thoroughly considered relevant § 3553(a) factors, namely, Dillard's history and characteristics, the nature and circumstances of his offense, and the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment. We find that the sentence was "selected pursuant to a reasoned process in accordance with law," and that the reasons relied upon by the district court are plausible and justify the sentence imposed. See United States v. Pauley, 511 F.3d 468, 473-76 (4th Cir. 2007).

Based on the foregoing, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED